# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JUAN C. REYES RAMOS,<br><br>    Defendant. | 8:15CR192<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on the Defendant's Motion for Modification of Term of Imprisonment Pursuant [to] 18 U.S.C § 3582(c)(2), ECF No. 53. The Defendant seeks a reduction in his sentence pursuant to the Supreme Court's decision in *Hughes v. United States*, 138 S. Ct. 1785 (2018).

  Defendant Juan C. Reyes Ramos pled guilty to Count I of the Indictment, charging him with a violation of 21 U.S.C. § 841(a)(1) and (b)(1). His plea agreement was made pursuant to Fed. R. Crim. P. 11(c)(1)(B) and noted that the "parties agree to a base offense level of 32 because the defendant had in his possession at least 150 grams, of actual methamphetamine, pursuant to U.S.S.G. § 2d1.1(c)(4)." Plea Agreement, ECF No. 37 at Page ID 58. He was eligible for a two-level reduction in his offense level pursuant to the "safety valve" provisions of U.S.S.G. § 2D1.1(b)(17) and § 5C1.2, as well as a three-level reduction for acceptance of responsibility, resulting in a total offense level of 27. His criminal history category was Category I, and his range of imprisonment under the Guidelines was 70-87 months. He was sentenced on February 16, 2016, to a term of 70 months incarceration, to be followed by two years of supervised release.

In his current Motion—a form pleading with blanks filled in by the Defendant—he contends that his "original base offense level was 29" and "NEW OFFENSE LEVEL would be 27" and "the relevant Guideline Range would be 57 to 65 to BETTER months, as opposed to the previous Guideline Range of 70 to 70 months." ECF No. 53 at Page ID 116. The Court infers he is suggesting his total offense level should have been 25 instead of 27, resulting in a guideline range of 57 to 71 months, instead of 70 to 87 months.

In *Hughes*, the Supreme Court held that when a sentencing court accepts a Rule 11(c)(1)(C) plea agreement and sentences accordingly, taking into consideration the Sentencing Guidelines, and such Guidelines are subsequently lowered by the Sentencing Commission, a defendant may be eligible for relief under § 3582(c)(2).

Here, the Defendant's plea agreement was *not* an 11(c)(1)(C) agreement, nor were the Guidelines subsequently lowered by the Sentencing Commission. Under the Defendant's plea agreement, he was responsible for at least 150 grams of actual methamphetamine, pursuant to U.S.S.G. § 2d1.1(c)(4), resulting in a base offense level of 32. ECF No. 37, Page ID 58. In his Presentence Investigation Report, he was found responsible for 3,286.22 kilograms of marijuana equivalent, also resulting in base offense level 32. ECF No. 45, Page ID 82. There have been no amendments to the Sentencing Guidelines since the Defendant's sentencing that would alter his base offense level, total offense level, or range of imprisonment under the Guidelines.

Accordingly,

IT IS ORDERED:

1. The Defendant's Motion for Modification of Term of Imprisonment Pursuant [to] 18 USC § 3582(c)(2), ECF No. 53, is denied; and

2. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 10th day of October, 2018.

BY THE COURT
s/Laurie Smith Camp
Chief United States District Judge